*ABRAHAM PLAUT, ADMR. v. MUTUAL LIFE INS. CO.

1. INSURANCE POLICY ISSUED BY FOREIGN COMPANY AN OHIO CONTRACT, WHEN.

A life insurance policy issued by a foreign insurance company is an Ohio contract, and its terms, together with the distribution of the amount paid thereunder after assured's death, are governed by the laws of this state, when the application was made, the policy delivered, and all the premiums paid here.

2. SECTION 3629 REV. STAT. NOT APPLICABLE TO INSURANCE POLICIES ISSUED BEFORE ITS ENACTMENT.

A wife was named as beneficiary in a policy of insurance issued on her husband's life, or, if she be not living at his death, then the amount thereof was to be paid to her children, etc.; the wife died before the husband, leaving a will whereby she disposed of her entire estate; both died without issue; the wife paid all premiums up to her death, which payments were continued by her executor up to the husband's death; there was no person in existence to whom the insurance could be paid under the terms set out in the policy: *Held*, that Sec. 3629 Rev. Stat. having been passed after the policy was issued, the provisions thereof, that in event the wife died before the husband, and there be no children upon her death, such policy shall revert to, and become the property of the party whose life is insured, do not apply; that the amount payable thereunder belongs to the wife's, and not the husband's estate, and is payable to her executor to be disposed of according to the terms of her will.

3. INSURANCE POLICIES FORM PART OF TESTATOR'S ESTATE.

Policies of insurance which are the property of testator at the time of her death form a part of her estate, whether named in her will or not.

ERROR to Hamilton common pleas court.

**Smith & Kuhn,** for plaintiff in error.

**Cohen & Mack** and **Stephens & Lincoln,** for defendant in error.

MARVIN, J.

This case comes here on a petition in error, the plaintiff here being the plaintiff below, the defendant here being the defendant below.

The case was tried below to the court without a jury, that being waived, and it resulted in a judgment for the defendant. A motion for a new trial being overruled, a petition in error was filed here. There is a bill of exceptions which, it is certified, contains all the evidence. Among the items of evidence was an agreed statement of facts from which it appears that the will of Hannah Schradzki was to be read in

---

*This action was brought by plaintiff in error as administrator of the estate of Michael Schradzki, deceased, against the Mutual Life Insurance Company of New York.

evidence, it was not copied, and we have nothing in the record to show what that will was, except the testimony of Fechheimer, who was executor of the will, and he testifies as to certain provisions contained in it; but in the view we take of the case it is not material. Attention is called to it however as being an item of evidence not appearing in the record.

The facts are these: Michael Schradzki and Hannah Schradzki were husband and wife; each died without issue. Hannah died in 1887, and Michael died in 1894. Two policies of insurance were issued upon the life of Michael; one on April 20, 1868, for $3,000, and the other on April 24, 1873, for $1,000. The beneficiary named in each policy was Hannah Schradzki, the wife of Michael.

The premiums upon each policy were paid during the lifetime of Hannah Schradzki by her. She died leaving a will wherein she made certain bequests to persons named in her will, and the balance of her property to a certain charity. After the death of Hannah, the executor of her will paid the premiums on each of these policies up to the time of the death of Michael. The policies in each case provide that payment shall be made of the amount insured to Hannah Schradzki, or, if she should not be living at the time of Michael's death, to her children, or their guardian, or their issue, in sixty days after due notice and proof of death.

As has been already said, these parties both died without issue. So that when Michael Schradzki, whose life was insured, died, there was no person in existence who, by the terms of the policies, would be entitled to payment.

The plaintiff here is administrator of the estate of Michael Schradzki; he says that he is entitled to have this money paid to him, because of there being no person in existence to whom the insurance should be paid by its terms, and that Sec. 3629 Rev. Stat. applies. That statute was passed in 1879, and it provides that:

"Any married woman may, by herself, and in her own name, or in the name of any third person, with his assent as her trustee, cause to be insured the life of her husband, for her sole use, for any definite period, or for the term of his natural life, and if she survives such period or term, the amount of insurance becoming due and payable by the terms of the insurance shall be payable to her, to and for her own use, free from the claims of the representatives of the husband, or any of his creditors; a policy of insurance on the life of any person, duly assigned, transferred, or made payable to any married woman, or to any person in trust for her or for her benefit, whether such transfer is made by her

husband or other person, shall inure to her separate use and benefit, and that of her children, independently of her husband or his creditors, or of the person effecting or transferring the same, or his creditors; and the amount of the insurance provided for in the preceding section, or this section, <u>may be made payable</u>, in case of the death of the wife before the period at which it becomes due, to his, her or their children, for their use, as shall be provided in the policy of insurance, or to their guardian, if under age; but if there are no children upon the death of the wife, such policy shall revert, to, and become the property of the party whose life is insured, unless it has been transferred as hereinafter provided.''

Now, it is said this section controls in this case, and that the amount provided for in the policy shall therefore be paid to the representative of the husband—the administrator of his estate.

Before going further it should be said, that it is urged upon the part of the insurance company, that the disposition of this fund should be governed by the laws of the state of New York. It is a New York corporation; the policies were issued in New York. The facts are that the applications were made here, and the policies were delivered here, the premiums were all paid here, and we think (under the authority of the case of Cross v. Armstrong, 44 Ohio St. 613, 621, 622 [10 N. E. Rep. 160]) that this is an Ohio contract, to be governed by the laws of Ohio. But we think, as announced in the opinion of Judge Burket in the case of Ryan v. Rothweiler, 50 Ohio St. 595, 602 [35 N. E. Rep. 679], that the statute to which attention has been called does not apply. It may be said that it was *obiter* upon the part of the court to say what was there said, but we are content with the reasoning given and follow that opinion. The language of the judge is, that Sec. 3629 Rev. Stat. having been passed after the policy was issued, could not affect the rights of the parties.

That being true, this is the situation. I ought to say that it was said in argument as to the will of Hannah Schradzki that the executor was authorized by the will to spend for the surviving husband not only the income of the estate, but such part of the property as was necessary for his support, and the executor states further, that he not only paid the income in support of the husband, but he spent more than the income.

The situation then, is, that Hannah Schradzki paid all the premiums on the policies; she died testate, and by her will she disposed of her property. The executor of the will paid out of her estate from that time on all the premiums, and nothing was ever paid upon these policies by anybody except Hannah Schradzki and the representative of her estate—the executor of her will. The statute does not apply.

The policies at the time of her death were hers; they became part of her estate; nothing was done afterward that transferred that interest from her estate to her husband. That being true, judgment for the defendant was right.

Nothing has been said in the opinion about the matter of estoppel; but we do not think there was any estoppel from making a claim by anything that was done. It was said that the defendant was estopped; but that is immaterial. We hold that the policies were the property of the wife at her death, and became a part of her estate, and come under the provisions of her will, whether the policies are named in the will or not.

Judgment affirmed.

Hale and Caldwell, JJ., concur.